IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William McDonald, : 
     Petitioner : 
               : 
     v. :  No. 39 C.D. 2022
               :  Submitted: July 1, 2022
Pennsylvania Turnpike Commission : 
and UPMC Benefit Management : 
Services (Workers' Compensation : 
Appeal Board), : 
     Respondents : 

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS         FILED: November 4, 2022

   William McDonald (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ). The WCJ granted a petition to modify compensation benefits filed by the Pennsylvania Turnpike Commission and its third-party administrator, UPMC Benefit Management Services (collectively, Employer). In this appeal, Claimant challenges as unconstitutional the retroactive application of Act 111,[1] which altered the criteria for modification of a claimant's benefits based on the results of an impairment rating evaluation (IRE). Upon review, this case is controlled by *Pierson v. Workers' Compensation Appeal*

---

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed Section 306(a.2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, and added Section 306(a.3), 77 P.S. § 511.3.

*Board (Consol Pa. Coal Co.)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), in which this Court previously rejected similar claims. Thus, we affirm.

## I. BACKGROUND

On December 15, 2011, Claimant sustained a work-related injury described as post-traumatic stress disorder.[2] Claimant received temporary total disability payments at the rate of $435.96 per week, as well as all reasonable and necessary medical expenses.

On October 11, 2019, Employer filed a modification petition alleging that Claimant had a whole-body impairment rating of 20% and that he had reached maximum medical improvement (MMI). The WCJ held hearings, at which Employer presented testimony from Lucian Bednarz, M.D., a board-certified physiatrist. Dr. Bednarz performed an IRE of Claimant under the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides).

In response, Claimant presented the testimony of Paul K. Gross, M.D., a board-certified psychiatrist. Dr. Gross opined that Claimant had not reached MMI and that Claimant was incapable of gainful employment, but Dr. Gross also conceded that he was not certified to perform an IRE. Claimant also testified about his injury, the symptoms he continues to experience, and the various treatments he has received.

Upon considering this evidence, the WCJ credited the testimony of Dr. Bednarz over that of Dr. Gross. The WCJ concluded that Employer established that

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Decision of the WCJ, entered June 17, 2021, which is supported by substantial evidence of record. *See* WCJ Decision, 6/17/21, at 3-16.

Claimant had reached MMI and had a whole-body impairment of 20% and, therefore, granted Employer's petition, modifying Claimant's benefits to partial disability status effective October 11, 2019.[3]

Claimant appealed to the Board, which affirmed. *See* Bd. Op. & Order, 12/23/21. Claimant then timely petitioned this Court for review.

## II. ISSUE[4]

Claimant contends that the retroactive application of Act 111 violates the Remedies Clause of the Pennsylvania Constitution.[5] *See* Claimant's Br. at 5. According to Claimant, Act 111 brought substantive changes to the law governing IREs, and its negative impact on Claimant's vested right to unimpaired, total disability benefits is unconstitutional. *See id.* at 8. Claimant further suggests that the WCJ should have rejected the IRE because Claimant has not received 104 weeks of total disability benefits since Act 111 came into effect.[6]

---

[3] We note that Employer also filed a modification petition based on a labor market survey. The WCJ denied that petition, and it is not at issue in this appeal.

[4] In a workers' compensation appeal, our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted).

[5] The Remedies Clause provides that "every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law . . . [.]" PA. CONST. art. I, §11. The Remedies Clause prohibits the enactment of retroactive legislation if its application would extinguish a "vested right." *Konidaris v. Portnoff Law Assocs., Ltd.*, 953 A.2d 1231, 1242 (Pa. 2008).

[6] For its part, Employer rejects these claims, asserting that Act 111 is constitutional and applies retroactively. *See* Employer's Br. at 10 (citing in support, *inter alia*, *Pierson*).

3

## III. ANALYSIS

In 2018, the General Assembly passed Act 111, which authorizes the use of an IRE to determine a claimant's disability status.[7] Among its provisions, Section 306(a.3) requires a claimant to submit to an IRE after receiving 104 weeks of total disability compensation. Section 306(a.3) expressly adopted the Sixth Edition of the AMA Guides (second printing April 2009) as the basis for a qualified physician's IRE, and it set the threshold required for a total disability status at 35% whole-body impairment. *Id.*[8] If a claimant's impairment rating is less than 35%, the claimant shall be considered partially disabled.[9]

Recently, in *Pierson*, this Court determined that Act 111 did not deprive claimants of a vested right but "simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of [total temporary disability] benefits." *Pierson*, 252 A.3d at 1179. Further, the General Assembly granted employers/insurers credit for the weeks of disability compensation paid to an injured employer prior to the passage of Act 111. *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 561-62 (Pa. Cmwlth. 2020); *see also* Section 3(1) of Act 111 ("[A]n insurer shall be

---

[7] Prior law governing the IRE process was deemed an unconstitutional delegation of legislative authority. *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827, 841 (Pa. 2017).

[8] In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 317 (Pa. Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed August 18, 2020) (*per curiam*), this Court determined that Section 306(a.3) of the Act does not constitute an unconstitutional delegation of legislative authority because the General Assembly named and adopted a particular set of standards as its own.

[9] A change in disability status does not alter the amount of compensation received by a claimant but limits the receipt of benefits to 500 weeks. *See* Section 306(b) of the Act, 77 P.S. § 512(1).

4

given credit for weeks of total disability compensation paid prior to the effective date of this paragraph."), Section 3(2) of Act 111 ("[A]n insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph."). Therefore, the employer credit provision was "explicitly given retroactive effect . . . by the General Assembly." *Pierson*, 252 A.3d at 1180.

Our analysis in *Pierson* is dispositive here. Claimant, like the claimant in *Pierson*, sustained his work-related injury before the passage of Act 111. *See Pierson*, 252 A.3d at 1171. Employer, like the employer in *Pierson*, sought to modify Claimant's benefits based on an IRE obtained after the Act's effective date. *See id.* at 1172. Claimant, like the claimant in *Pierson*, challenges the retroactivity of the employer credit provision of Act 111 and asserts a vested right in his disability benefits. *See id.* at 1175. Therefore, based on our reasoning in *Pierson*, we reject Claimant's arguments. *Accord Wescoe v. Fedchem, LLC (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1010 C.D. 2021, filed Aug. 16, 2022); *Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed Mar. 16, 2022); *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022); *Dohn v. Beck n' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed Sept. 20, 2021).[10]

Thus, we affirm.

_____
LORI A. DUMAS, Judge


Judge Fizzano Cannon did not participate in the decision in this case.

---

[10] We cite *Wescoe*, *Sochko*, *Hender-Moody*, and *Dohn* for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William McDonald,                           :
                              Petitioner    :
                                            :
            v.                              :   No. 39 C.D. 2022
                                            :
Pennsylvania Turnpike Commission            :
and UPMC Benefit Management                 :
Services (Workers' Compensation             :
Appeal Board),                              :
                           Respondents      :


# **O R D E R**


AND NOW, this 4th day of November, 2022, the order of the Workers'

Compensation Appeal Board, entered December 23, 2021, is AFFIRMED.



_____
LORI A. DUMAS, Judge